UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKIE MASON,

        Plaintiff,

  v.

                             Case No. 25-cv-1451-pp

JOSEPH BOEHLKE, JENNIFER JOHNSON,
CINDY CARLSON, JON CHARLES
and PHILIP SIMMERT, II,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

On September 19, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that in 2012 the defendants, Milwaukee police officers, violated the plaintiff's constitutional rights when they unlawfully arrested him and caused his imprisonment. Dkt. No. 1. This is the third time the plaintiff has attempted to pursue these claims in this district. The plaintiff's first two cases made it as far as the discovery stage, but Judge Stadtmueller dismissed them because sometimes filings mailed to the plaintiff were returned as undeliverable. Mason v. Boehlke, _et al._, (Mason 1), 23-cv-367-JPS, Dkt. No. 63; Mason v. Boehlke, _et al._, (Mason 2) 25-cv-75-JPS, Dkt. No. 30. The complaint in this case is identical to the complaint from the plaintiff's last case

1

(<u>Mason 2</u>, 25-cv-75, Dkt. No. 1). The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint.

**I.      Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee. 28 U.S.C. §1915(a). An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." <u>Coleman v. Tollefson</u>, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. <u>See</u> 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff avers that he is unmarried with no dependents. Dkt. No. 2 at 1. He asserts that he is unemployed. <u>Id.</u> at 2. The affidavit states that the plaintiff's only income is the $700 a month he receives from Social Security. <u>Id.</u> The affidavit asserts that the plaintiff has $700 in monthly expenses—his entire income. <u>Id.</u> at 3. The affidavit does not list any expenses for rent, car payments or debts, only "other household expenses" for things like groceries, medical bills and utilities. <u>Id.</u> at 2–3. The affidavit states the plaintiff has a car worth $1,500, but no other assets. <u>Id.</u> at 3–4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. <u>Robbins v. Switzer</u>, 104 F.3d 895, 898 (7th Cir. 1997).

When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). The plaintiff must pay the filing fee over time, as he is able.

## II.    Screening the Complaint

### A.    Legal Standard

The court must decide whether the amended complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the *factual* allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to

3

relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Additionally, federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also have jurisdiction to consider and decide lawsuits between citizens of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332. If a case does not fall under those categories, the plaintiff must seek relief in state court.

B.     Procedural History

In 2012 the plaintiff was arrested for, prosecuted on and convicted of two counts of third-degree sexual assault and three counts of aggravated battery.[1] In 2022, after the plaintiff had filed post-conviction motions and appeals in state court, this court granted the plaintiff's federal *habeas* petition based on his trial attorney's ineffective assistance of counsel. Mason v. Hepp, Case No. 18-cv-1351, Dkt. No. 31. The court ordered the State of Wisconsin to either

---

[1]The plaintiff's Wisconsin case, State of Wisconsin v. Jackie Mason, Case No. 12CF000228, no longer is available on the Wisconsin Circuit Court Access Program. The court obtained this information from its order granting the plaintiff's *habeas* petition, issued approximately eight years ago. Mason v. Hepp, Case No. 18-cv-1351, Dkt. No. 31.

4

release the plaintiff or to retry him. Hepp, 18-cv-1351, Dkt. No. 31 at 104. The state attempted to retry the plaintiff, but dismissed the case on September 13, 2022 "following an evidentiary ruling adverse to the State." Id., Dkt. No. 42 at 1.

In 2023, the plaintiff tried to bring a complaint based on alleged Fourth Amendment violations arising out of his arrest and conviction; he named as defendants Milwaukee County, the City of Milwaukee, Assistant District Attorney Erin Karshen and Judge Ellen Brostrom, as well as the defendants he has named in this case. Mason 1, 23-cv-367, Dkt. No. 1. Judge Stadtmueller screened the complaint and found that the plaintiff's claims were not barred by Heck v. Humphrey, 512 U.S. 477 (1994). Mason 1, Dkt. No. 4 at 11–12. He dismissed defendant Judge Ellen Brostrom—the Wisconsin circuit court judge who had presided over the plaintiff's trial—on judicial immunity grounds. Id. at 12–13. Judge Stadtmueller found that Erin Karshen, the lead prosecutor in the plaintiff's criminal case, was protected by prosecutorial immunity and dismissed her. Id. at 14–18. And Judge Stadtmueller dismissed Milwaukee County and the City of Milwaukee, finding the plaintiff had failed to plead Monell liability.[2] Id. at 18–19. Judge Stadtmueller found that the plaintiff sufficiently had pled Fourth Amendment claims against the other defendants— the same defendants named in this case. Mason 1, Dkt. No. 1 at 19–20.

Mason 1 proceeded until two pieces of mail sent by the court to the plaintiff were returned as undeliverable. Mason 1, Dkt. Nos. 59, 62. In a

---

[2] Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

previous order containing instructions on how to properly submit correspondence and legal documents, Judge Stadtmueller had advised that "the parties must notify the Clerk of Court of any change of address. **IF THE PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**." Mason 1, Dkt. No. 19 at 8 (as in original).

It is unclear whether the plaintiff had a new address with which to update the court (he has continued to use the same address in his subsequent cases), or whether he knew that his mail was not being delivered. Either way, Judge Stadtmueller dismissed Mason 1 without prejudice. Mason 1, Dkt. No. 63. Judge Stadtmueller did not conclude that the plaintiff had failed to prosecute his claim; rather, Judge Stadtmueller rested his decision solely on the fact some of the plaintiff's mail had been returned to the court as undeliverable. Id. He cited a Seventh Circuit case to support his decision, recounting that, "[a]s a general principle, because 'the parties are far better situated to know of any errors in their address information,' litigants . . . 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" Id. (quoting Snyder v. Nolen, 380 F.3d 279, 285 (7th Cir. 2004)). In Snyder, the Seventh Circuit analyzed whether a *pro se* plaintiff had waived his right to object to a magistrate judge's report and recommendation when the plaintiff had not received the report because he had been transferred to a new prison. Snyder, 380 F.3d at 284–85.

6

The Seventh Circuit concluded that the *pro se* plaintiff should not be held to the waiver because the reason he did not receive the mail was outside his control. Id. In a parenthetical, Judge Stadtmueller also quoted another Seventh Circuit case, recounting that "all litigants, including *pro se* litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary." Mason 1, Dkt. No. 63 at 2 (quoting Casimir v. Sunrise, 299 F. App'x 591, 593 (7th Cir. 2008)). In Casimir, 299 F. App'x at 592–93, the Seventh Circuit considered the effect of a party not receiving mail on the question of whether that party should be excused from missing a deadline.. The court concluded the parties should have monitored their case despite not receiving mail. Id. Judge Stadtmueller also cited several authorities for the proposition that *pro se* litigants must follow court rules. Mason 1, Dkt. No. 63 at 2.

Shortly after Judge Stadtmueller dismissed the plaintiff's first case, the plaintiff filed another complaint, listing the same address as he'd listed in Mason 1. Mason 2, Case No. 25-cv-75-jps, Dkt. No. 1. At screening, Judge Stadtmueller found that this complaint presented three potential claims against defendants Boehlke, Johnson, Carlson, Charles and Simmert. Mason 2, Dkt. No. 4 at 6–8. Judge Stadtmueller concluded that the complaint stated unlawful arrest claims under the Fourth Amendment, fabrication of police reports claims under the Fourteenth Amendment and malicious prosecution claims under Wisconsin law. Id. at 6–8. He analyzed these claims under the relevant statutes of limitation, finding that the unlawful arrest claims had

7

expired but that the plaintiff could proceed with his Fourteenth Amendment and Wisconsin malicious prosecution claims. Id. at 9–11. Judge Stadtmueller warned the plaintiff: "[I]f filings mailed to him continue to be returned as undeliverable at his address of record, this case will be dismissed just as his previous one was. Such a dismissal could potentially have statute of limitations consequences." Id. at 12. Judge Stadtmueller also found (again) that Heck did not bar the plaintiff's claims. Id. at 5 n.3.

It appears that the plaintiff's mail troubles continued because some filings mailed to him were returned to the court as undeliverable. Over the course of five months, four out of the nineteen or so items mailed to the plaintiff were returned as undeliverable. Mason 2, , Dkt. Nos. 5, 21, 24, 25. Acknowledging his mail issues, the plaintiff senet a letter asking "[i]f it is possible could I be sent a text when there is a filing in this case. And if you ever have a problem contacting me text me at (414) 350-7910 or (414) 356-4302." Mason 2, Id., Dkt. No. 7. Judge Stadtmueller denied this request and warned the plaintiff that he must ensure that he was able to consistenth receive the court's orders. Id., Dkt. No. 8 at 2. Judge Stadtmueller told the plaintiff that "[i]f [he was] experiencing mailing issues beyond his control that prevent him from appropriately litigating this case, he may file a motion for e-filing privileges accompanied by a declaration of those circumstances." Id. The plaintiff never sought e-filing privileges. After a few more mailings were returned, Judge Stadtmueller issued a final warning, telling the plaintiff once again that he must ensure he was receiving mail and that he could request e-

filing privileges. <u>Mason 2</u>, Dkt. No. 25 at 2. After the order containing this final warning was returned as undeliverable, <u>id.</u>, dkt. no. 27, Judge Stadtmueller dismissed the case without prejudice, relying again on <u>Casimir</u>, 299 F. App'x at 593, dkt. no. 30 at 2.

Shortly after Judge Stadtmueller dismissed his second complaint, the plaintiff refiled the complaint from <u>Mason 2</u> as a new case, which was docketed as Case No. 25-cv-1451 and assigned to this court. Dkt. No. 1

C.     <u>Allegations in the Complaint</u> (Dkt. No. 1)

The plaintiff alleges that Milwaukee police officers unlawfully arrested and prosecuted him, resulting in his conviction and imprisonment for sexual assault and battery. Dkt. No. 1 at 3–5. The complaint alleges that in 2012 the defendants—employees of the Milwaukee Police Department—arrested and detained the plaintiff without probable cause and included false statements in their reports about his arrest. <u>Id.</u> According to the plaintiff, the defendant's actions violated his Fourth Amendment rights. <u>Id.</u>

The complaint alleges that Joseph Boehlke arrested and detained the plaintiff without probable cause. <u>Id.</u> at 3. It alleges that Boehlke filed report #120100158 stating that the plaintiff had committed battery. <u>Id.</u> The complaint alleges that Boehlke made false statements in and omitted exculpatory statements from this report. <u>Id.</u>

The complaint alleges that Jennifer Johnson arrested and detained the plaintiff without probable cause. <u>Id.</u> It alleges that Johnson also filed report

9

#120100158, included false statements in it and omitted exculpatory statements from it. Id. at 4.

The complaint alleges that Cindy Carlson also arrested and detained the plaintiff without probable cause. Id. It asserts that Carlson filed report #120100162 alleging that the plaintiff committed felony battery and third-degree sexual assault. Id. It contends that Carlson failed to properly investigate the plaintiff's case and acted maliciously. Id.

The complaint alleges that Jon Charles arrested and detained the plaintiff without probable cause. Id. at 5. It says that Charles filed report #080760177 claiming that the plaintiff had committed felony battery and third-degree sexual assault. Id. The complaint alleges that Charles made false statements in the report. Id.

The complaint alleges that Philip Simmert II arrested and detained the plaintiff without probable cause. Id. It avers that Simmert also filed report #080760177 and included false statements in it. Id.

The complaint alleges that the defendants' actions resulted in the plaintiff's false imprisonment and false conviction, violating his Fourth Amendment rights. Id. at 3–5.

The complaint asserts that the plaintiff is suing for a violation of federal law under 28 U.S.C. §1331. Id. at 6. It states that "[t]he Plaintiff seeks an award of money in the amount of $10,000,000.00 from Charles, $10,000,000.00 from Simmert, $10,000,000.00 from Carlson, $10,000,000.00 from Boehlke, and $10,000,000.00 from Johnson." Id.

10

D.    <u>Analysis</u>

The plaintiff makes three overarching allegations: (1) that Boehlke, Johnson, Charles and Simmert made false statements in police reports that led to his conviction; (2) that all the defendants arrested him without probable cause; and (3) that Carlson failed to properly investigate the plaintiff's case and acted maliciously. Dkt. No. 1 at 3–5. The plaintiff alleges that these actions violated his Fourth Amendment rights and resulted in his false conviction and imprisonment for ten years. <u>Id.</u>

There is a federal statute that allows a citizen to sue a person acting under the authority of a state for violating that citizen's civil rights: 42 U.S.C. §1983. To state a claim under §1983, the plaintiff must allege that (1) the defendant violated one of the plaintiff's constitutional rights and (2) the defendant was acting "under color of state law" when he did so. <u>West v. Atkins</u>, 487 U.S. 43, 48 (1988). "Under color of state law" means that the defendant was acting with authority granted to him by a state. <u>DiDonato v. Panatera</u>, 24 F.4th 1156, 1159 (7th Cir. 2022). Section 1983 is the only way the plaintiff can sue the defendants for money damages for the alleged violations of his constitutional rights.

There are time limits within which a plaintiff must bring his civil rights claims; the laws that lay out these time limits are called statutes of limitation. <u>Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 105 (2013)</u>. For §1983 claims, the time limit comes from the personal injury law of the state where the claim was brought. <u>Herrera v. Cleveland</u>, 8 F.4th 493, 495 n.2 (7th Cir. 2021).

11

Courts apply the time limit that was in effect on the date the events that gave rise to the claim occurred. D'acquisto v. Love, Case No. 20-C-1034, 2020 WL 5982895 at *2 (E.D. Wis. Oct. 8, 2020). The events that gave rise to these claims occurred in 2012. Dkt. No. 1 at 2–5. In Wisconsin, from 2011 to 2018 there was a six-year statute of limitation for personal injuries such as civil rights injuries. Dorgay v. Reif, Case No. 23-3058, 2024 WL 3023193 at *2 n.1 (7th Cir. June 17, 2024), cert. denied, 145 S. Ct. 1935 (2025). In 2012, a malicious prosecution claim in Wisconsin was subject to a three-year limitation period, because it is an intentional tort/personal injury. Turner v. Sanoski, 327 Wis. 2d 503, 509 (Wis. Ct. App. 2010). "As a general matter, a statute of limitations begins to run when" the claim accrues, meaning when "the plaintiff can file suit and obtain relief." Heimeshoff, 571 U.S. at 105 (citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).

As explained, Judge Stadtmueller found in Mason 2 that the plaintiff's complaint presented unlawful arrest claims, fabrication of evidence claims and a malicious prosecution claim. Mason 2, Dkt. No. 4 at 6–8. This complaint does the same. The complaint plausibly alleges §1983 claims based on Fourth Amendment false arrest, Fourteenth Amendment false statements and Fourth Amendment malicious prosecution.

The court agrees with Judge Stadtmueller that this case is not barred by Heck. In Heck, the Supreme Court ruled that for a plaintiff to recover damages for an alleged unconstitutional imprisonment or conviction, he must prove that

12

his underlying conviction or sentence has been nullified. 512 U.S. 477 at 486–87 (1994). A plaintiff can meet this burden by showing his conviction or sentence has been "called into question a by federal court's issuance of a writ of habeas corpus[.]" Id. at 486 (citation omitted). Here, this court called into question the validity of the plaintiff's conviction by granting his *habeas* petition. See Hepp, Case No. 18-cv-1351, Dkt. No. 31.

            1.      *Falsification of Evidence*

To prevail on a falsification of evidence claim at the pleading stage, the plaintiff must allege that the defendants manufactured false evidence against him, that evidence was used to deprive him of his liberty in some way and that the defendants were acting under color of state law. See Avery v. City of Milwaukee, 847 F.3d 433, 439 (7th Cir. 2017); 28 U.S.C. §1983. Although the plaintiff alleges a Fourth Amendment violation, this claim is grounded in due process and, thus, the Fourteenth Amendment. See Leaver v. Shortess, 844 F.3d 665, 669 n.1 (7th Cir. 2016); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (courts should construe *pro se* filings liberally). The complaint alleges that the defendants made false statements in their reports, that they did so while they were employed by the Milwaukee Police Department and that the reports were used to convict and imprison the plaintiff. Dkt. No. 1 at 2–5. These allegations plausibly state a claim for falsification of evidence.

For limitation purposes, the plaintiff was able to obtain relief on his falsification of evidence claim once the underlying criminal proceedings had been resolved in his favor. McDonough v. Smith, 588 U.S. 109, 116, 120

13

(2019). The plaintiff's underlying criminal proceedings were resolved in his favor on September 13, 2022, when the state dismissed his case before his retrial. <u>Hepp</u>, 18-cv-1351, Dkt. No. 42 at 1. Because the plaintiff filed this complaint within six years of that event, dkt. no. 1, the plaintiff's claim does not appear to be time-barred. <u>See</u> <u>Dorgay</u>, 2024 WL 3023193 at *2 n.1 (six-year limitation period).

### 2. *Malicious Prosecution*

To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must show that an officer initiated criminal proceedings without probable cause, the motive for initiating the proceedings was malicious, this led to an arrest and the prosecution terminated in the plaintiff's favor. <u>Neita v. City of Chicago</u>, 148 F.4th 916, 939 (7th Cir. 2025). A plaintiff also must allege that the officer was a state actor. 42 U.S.C. §1983. Police officers can be proper defendants for malicious prosecution claims. <u>See</u> <u>Chiaverini v. City of Napoleon, Ohio</u>, 602 U.S. 556, 558 (2024). Here, the complaint alleges each element: Carlson, a Milwaukee police officer, did not have probable cause to arrest the plaintiff; Carlson failed to properly investigate; Carlson acted maliciously; and the plaintiff was arrested as a result. Dkt. No. 1 at 2–4. The prosecution terminated in the plaintiff's favor. <u>Hepp</u>, 18-cv-1351-pp, Dkt. No. 42 at 1.

This claim does not appear to be barred by the statute of limitations.[3] In 2012, malicious prosecution claims had a three-year limitation period. <u>Turner</u>, 787 N.W.2d at ¶ 13. But "a malicious prosecution claim does not accrue until the criminal proceeding that gave rise to it ends in the claimant's favor." <u>Julian v. Hanna</u>, 732 F.3d 842, 845 (7th Cir. 2013). The proceedings that gave rise to the claim ended in the plaintiff's favor on September 13, 2022 when the state dismissed the charges against him without a retrial. <u>Hepp</u>, Case No. 18-cv-1351, Dkt. No. 42 at 1; <u>see</u> <u>Julian</u>, 732 F.3d at 845 (court noted criminal proceedings ending in the plaintiff's favor when the charges against him were dismissed before a retrial). The plaintiff filed this complaint on September 19, 2025, six days after the limitation period expired. Dkt. No. 1. But Wisconsin law "tolls," or extends, the time limit for the time a claim was pending before being dismissed without prejudice.[4] <u>See</u> Wis. Stat. §§893.13, 893.15; <u>see also</u> <u>Krans v. Wicklund</u>, 332 Wis. 2d 316 (Table), 2011 WL 321820, at *2, n.4 (Wis. Ct. App. 2011). The time limit was tolled for the months the plaintiff's previous cases were pending before Judge Stadtmueller. <u>Mason 1</u>, (March 20, 2023–September 20, 2024); <u>Mason 2</u>, (January 15, 2025–July 30, 2025).

---

[3] Although "the expiration of the statute of limitations is an affirmative defense . . . that plaintiffs need not anticipate in a complaint[,]" <u>Anderson-Martin v. Cath. Charities</u>, No. 24-2113, 2025 WL 2992530 at *1 n.2 (7th Cir. Oct. 24, 2025) (internal citation omitted), it bears analyzing here as the court must determine if the plaintiff's claims are legally frivolous. 28 U.S.C. §1915A(b).

[4] In addition to the statute of limitation, in §1983 cases federal courts look to the forum state's law for tolling. <u>See</u> <u>Ray v. Maher</u>, 662 F.3d 770, 773 (7th Cir. 2011).

15

### 3. *False Arrest*

"To prevail on a Fourth Amendment false-arrest claim, 'a plaintiff must show that there was no probable cause for his arrest.'" Braun v. Village of Palatine, 56 F.4th 542, 548 (7th Cir. 2022) (quoting Neita v. City of Chicago, 830 F.3d 494, 497 (7th Cir. 2016)). The plaintiff also must show that the arresting official was acting under color of state law. 28 U.S.C. §1983. The plaintiff alleges that he was arrested by the defendants, that his arrest was not supported by probable cause and that the defendants were working for the Milwaukee Police Department. Dkt. No. 1 at 2–5. Those allegations are sufficient to state a claim at this stage.

For false arrest, the claim "accrues" when the petitioner is released from custody. Manuel v. City of Joliet, Ill., 903 F.3d 667, 669 (7th Cir. 2018). It appears that the petitioner was released sometime around September 13, 2022. Hepp, Case No. 18-cv-1351, Dkt. No. 42 at 1. He filed his complaint in this case three years and six days later—within the six-year limitation period. It appears that the plaintiff timely filed this claim.

The court's preliminary conclusions that the plaintiff's claims are not time-barred do not bar the defendants from challenging the timeliness of the plaintiff's claims once they have joined the litigation.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The plaintiff may proceed with his claims against the defendants.

16

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Joseph Boehlke, Jennifer Johnson, Cindy Carlson, Jon Charles and Philip Simmert, II under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Boehlke, Johnson, Carlson, Charles and Simmert to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. **The parties must notify the Clerk of Court of any change of address.** The court advises the plaintiff that it is **his** responsibility to promptly notify the court if he changes addresses. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

17

The court will include a guide prepared by court staff to address common questions that arise in cases filed by self-represented individuals. Entitled "Answers to Pro Se Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 26th day of June, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

18